Affirmed and Memorandum Opinion filed December 2, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01085-CR



 

Jonte Chrishon, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1174819



 

MEMORANDUM  OPINION

 

Appellant Jonte Chrishon was convicted of murder and
sentenced to 25 years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice.  In two issues he contends the evidence is
legally and factually insufficient to support his conviction.  We affirm.

Background

On April 3, 2008, deputies of Harris County Precinct
4 discovered the body of Marcus Smith in an apartment complex from which
gunshots had been reported the previous evening.  The subsequent investigation
led law enforcement officers to develop appellant as a suspect in the murder. 
Appellant was arrested, waived his rights, and gave a voluntary statement to authorities. 


In his statement, appellant admitted that on the
night of the murder he was with an acquaintance named Lodgy Jackson at the
apartments where Smith was murdered.  Appellant stated that Jackson told him
that since they were unable to “get K-lo,” they should go to building number
three in the apartment complex and “shoot whoever is standing over at building
#3.”  As appellant and Jackson were walking toward building number three,
appellant saw two men nicknamed, “Gator” and “Nine.”  Appellant “shot three
rounds from [his] .380 towards “[Gator]” and “[Nine]” and then ran away.” 
Appellant then went into his apartment, unplugged the microwave oven, and put
his .380 handgun inside the microwave.  Appellant stated he did not see the
victim, but only saw “Gator” and “Nine.”  Michael Dulaney, an acquaintance of
appellant’s, testified at trial that appellant wanted to shoot “K-lo,” but when
he could not “get to him,” appellant became angry and started shooting.  

Sufficiency
of the Evidence

In two issues, appellant contends the evidence is
legally and factually insufficient to support the conviction for murder because
there is no evidence that appellant intentionally or knowingly caused the death
of Marcus Smith.

In evaluating the legal sufficiency of the evidence
to support a criminal conviction, we view all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The jury is the exclusive judge of
the credibility of the witnesses and of the weight to be given their testimony,
and it is the exclusive province of the jury to reconcile conflicts in the
evidence.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Hence,
we do not reevaluate the weight and credibility of all the evidence or
substitute our judgment for the fact finder’s.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).

With regard to the factual sufficiency of the
evidence, a majority of the judges of the court of criminal appeals recently determined
that “the Jackson v. Virginia legal-sufficiency standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v. State,
No. PD-0210-09, 2010 WL 3894613 *1 (Tex. Crim. App. October 6, 2010) (plurality
op.)(Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); id.,
2010 WL 38946l3, at *14–15 (Cochran, J., concurring, joined by Womack, J.)
(same conclusion as plurality).   Therefore, we will review the evidence
under the standard set out in Jackson v. Virginia.

Specifically, appellant argues, that the evidence
showed that appellant shot a firearm down a breezeway at the apartment complex
in the direction of two individuals, “Gator” and “Nine.”  However, appellant
argues, the evidence indicates that appellant did not intend to kill or cause
serious bodily injury to the complainant or the other two individuals.

A person commits the offense of murder if he (1)
intentionally or knowingly causes the death of an individual; or (2) intends to
cause serious bodily injury and commits an act clearly dangerous to human life
that causes the death of an individual.  Tex. Penal Code Ann. § 19.02(b) (West 2003). 
A person’s intent to commit an offense generally must be established by
circumstantial evidence and may be inferred from the person’s acts, words, and
conduct.  Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App.
1991), cert. denied, 504 U.S. 974 (1992).  A person acts intentionally
with respect to the nature of his conduct or as a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the
result.  Tex. Penal Code Ann. § 6.03(a) (West 2003).  When a deadly weapon is
used in a deadly manner, the inference is almost conclusive that the appellant
intended to kill.  Godsey v. State, 719 S.W.2d 578, 581 (Tex. Crim. App.
1986); Arnold v. State, 234 S.W.3d 664, 672 (Tex. App.—Houston [14th
Dist.] 2007, no pet.).

At trial, officers testified that they recovered
several .380 shell casings, which were consistent with the gun appellant hid in
the microwave.  Appellant’s statement was admitted at trial in which he
admitted shooting the gun toward “Gator” and “Nine” and that he walked to
building number three with the intent to “shoot whoever is standing over at
building #3.”  Appellant’s statement was corroborated by the physical evidence
at trial, the officer who took his statement, and appellant’s acquaintance who
testified that appellant wanted to kill “K-Lo.”  Therefore, the evidence showed
that appellant used a deadly weapon in a deadly manner in shooting toward
“Gator” and “Nine.”  Viewed in a light most favorable to the verdict, the
evidence showed that appellant acted with the requisite intent to cause serious
bodily injury and committed an act clearly dangerous to human life resulting in
death.  Therefore, the evidence is sufficient to support appellant’s conviction
for murder.  Appellant’s two issues are overruled.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).